IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MRADULA MEHTA,

          Plaintiff,

    v.

JANE M. HUMANN,

          Defendant.

CIVIL ACTION FILE NO:

1:18-cv-00048-WMR

## ORDER

This matter is before the Court on Defendant's Motion to Exclude Testimony of Dr. Joseph Wilkes, M.D. [Doc. 42], Plaintiff's First Motion in Limine Regarding the Testimony of Joseph Wilkes, M.D. and Mathew Greenston, M.D. [Doc. 55], Defendant's Motion in Limine (Omnibus) [Doc. 56], and Plaintiff's First Motion in Limine (Omnibus) [Doc. 57]. After consideration of the parties' respective briefs, the Federal Rules of Evidence, and relevant case law, the Court finds and rules as follows.

## I. BACKGROUND

This personal injury case arises out of a motor vehicle accident in which Plaintiff was rear-ended by Defendant at an intersection. (*See* Doc. 1-1, Complaint). The damage to the vehicles was minimal, and Plaintiff drove away from the accident after refusing an offer to be transported to the hospital for evaluation. (*See* Doc. 42-2, at pp. 2-3; Doc. 47-1, at p. 2). However, Plaintiff went to the hospital emergency

room several hours later seeking treatment for pain in her neck, back, and right shoulder. Plaintiff was prescribed muscle relaxers and sent home. (*See* Doc. 47-2).

Over the course of the next three weeks, Ms. Mehta went to the hospital emergency room on two more occasions, complaining of pain in her right arm and hand. (*See* Docs. 42-6 and 42-7). Her arm pain was diagnosed as lateral epicondylitis (see Doc. 42-6, at p. 2), which is commonly referred to as "tennis elbow." The medical records show that, during these two emergency room visits, Plaintiff did not complain of having any pain in her right shoulder.

Approximately one month after the wreck, however, Plaintiff went to see Dr. Joseph Wilkes, MD, an orthopedic surgeon, to undergo a physical examination and tests for the purpose of diagnosing and treating pain in her right shoulder. Dr. Wilkes ultimately diagnosed Plaintiff as having a torn rotator cuff, and he opined that the injury was caused by the automobile accident based on facts and medical history provided by Plaintiff. (*See* Doc. 49, at pp. 5-7, 23; Doc. 42-8, at pp. 8-10).

In an effort to counter Dr. Wilkes' opinion, Defendant has retained Dr. Mathew Greenston, a biomechanical engineer and licensed physician, presumably to testify as to his opinions regarding biomechanics and/or accident reconstruction to highlight the minimal impact involved in the automobile collision.

Each party has moved to limit or exclude the testimony of the opposing party's expert witness.

## II. ANALYSIS

### A. Testimony of Dr. Wilkes

In her Motion to Exclude Testimony of Dr. Joseph Wilkes, M.D. [Doc. 42], Defendant argues that Dr. Wilkes should not be allowed to testify as to the causation of Plaintiff's injuries because he does not meet the requirements for admissibility of expert testimony with regard to this issue under Rule 702 of the Federal Rules of Civil Procedure and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).[1] Plaintiff, on the other hand, argues that Dr. Wilkes is in fact qualified to render opinions as to causation based on his general experience as an orthopedic surgeon and the fact that Dr. Wilkes was Plaintiff's treating physician.

Rule 702 of the Federal Rules of Evidence allows "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education [to] testify … if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

---

[1] Defendant further argues that Dr. Wilkes' expert testimony as to causation should be excluded because he was not properly disclosed as an expert as to this issue.

Faced with a proffer of expert testimony, the trial judge must make "a preliminary assessment of whether the reasoning of methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." Daubert, 509 U.S. at 592-593 (1993). Factors to consider include: (1) whether the theory or technique in question can (and has been) tested; (2) whether it has been subjected to peer review and publication; (3) its known or potential error rate; and (4) whether it has attracted widespread acceptance within a relevant scientific community. Id. at 593-94. This inquiry, however, is flexible. Id. at 594. "The Daubert factors do not constitute a definitive checklist or test[.]" Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 138 (1999). Rather, this inquiry is fact-specific, and "[t]he focus … must be solely on the principles and methodology, not on the conclusions that they generate." Daubert, 509 U.S. at 595; Kumho Tire Co., 526 U.S. at 138.

Dr. Wilkes is undoubtedly qualified as an orthopedic surgeon to testify as Plaintiff's treating physician. However, he does not meet the requirements under Rule 702 and Daubert to testify about causation, as his opinions are not based on sufficient facts and data and are not the product of reliable methodology. First, Dr. Wilkes' opinion does not meet the requirements of Daubert because it assumes causation based on Plaintiff's representations as to the temporal relationship between the accident and the injury. When Dr. Wilkes formed his opinion as to causation, he

did not have any details regarding the accident, including how it occurred, how severe its impact was, and how Plaintiff was sitting at the time of the collision. (Doc. 42-8, at pp. 9-11, 17). Furthermore, Dr. Wilkes did not review the medical records from Plaintiff's previous visits to the hospital, which show that Plaintiff had not complained of shoulder pain in the weeks following the automobile accident. (Doc. 49, at pp. 8-9). Rather, Dr. Wilkes only knew that Plaintiff began experiencing shoulder pain at some point after the accident. (Doc. 42-8, at p. 10-11). Based solely on the information provided by Plaintiff, Dr. Wilkes "assumed [her injury] was [caused by] a car accident." (Id. at p. 13:19). When Dr. Wilkes was presented with the post-accident photographs of the vehicles at his deposition, however, he admitted that the minor damage to the vehicles was inconsistent with his injury causation opinion. (Id. at pp. 48-50). Thus, the methodology used by Dr. Wilkes to form his causation opinion is unreliable and lacks a proper factual foundation. *See* Cooper v. Marten Transport, Ltd., 539 Fed. Appx. 963, 967 (11th Cir. 2013) (affirming the decision to exclude expert testimony because the methodology used in forming the expert's conclusions "amounted to simple reliance on a temporal relationship" and was thus unreliable).

Second, Dr. Wilkes's testimony does not meet the requirements of Daubert because he formed his conclusions without ruling out, or even considering, other possible causes of Plaintiff's injury. During his deposition, Dr. Wilkes opined that

5

a similar injury could have resulted from her prior work history, which involved lifting clothes, loading washers, and other duties associated with the dry-cleaning business. (Doc. 42-8, at pp. 15-16). When asked whether he considered any other possible causes for Plaintiff's injury, Dr. Wilkes stated that he had not because he assumed based on the temporal connection that the car accident caused the injury. (Id. at p. 19:5-10). Dr. Wilkes' conclusions regarding Plaintiff's injury thus was not formed using a reliable methodology. *See* Cooper, 539 Fed. Appx. at 967 (explaining that no reliable methodology was used by the plaintiffs' experts because they "never compiled a comprehensive list of possible causes that they subsequently 'systematically and scientifically rul[ed] out … until a final, suspected cause remain[ed].'" (quoting Kilpatrick v. Breg, Inc., 613 F.3d 1329, 1342 (11th Cir. 2010)).[2]

Dr. Wilkes' testimony is distinguishable from that considered by the court in Flowers v. Wal-Mart Stores, Inc., No. 3:03-cv-35(CAR), 2005 WL 2787101 (M.D. Ga. 2005). In Flowers, the court noted that "subjective reports of pain and other symptoms by a patient are an important part of a physician's examination." Id. at *6.

---

[2]    Contrary to Plaintiff's argument, it is immaterial that Defendant has presented no alternative theory of causation regarding Plaintiff's injury. "The burden of laying the proper foundation is on the party offering the expert[.]" Cook v. Sherriff of Monroe Cnty., Fla., 402 F.3d 1092, 1107 (11th Cir. 2005). Thus, Dr. Wilkes' failure to rule out other causes of Plaintiff's injury cannot be cured by the lack of alternative theories presented by Defendant and her expert.

The court further found that the expert's failure to account for alternative explanations for the cause of the plaintiff's injuries was not decisive or helpful. Id. at * 8.  However, the plaintiff and the expert witness in <u>Flowers</u> had a long-standing physician-patient relationship. Id. at *7.  The expert was the plaintiff's treating physician both before and after the injury took place, and the expert treated the plaintiff the day after the injury occurred. Id. at *5-6.  Dr. Wilkes, in contrast, had no physician-patient relationship with Plaintiff prior to the automobile accident and did not treat Plaintiff until approximately one month after the accident occurred. These meaningful differences between Dr. Wilkes' testimony and that presented to the court in <u>Flowers</u> render Dr. Wilkes' testimony unreliable under <u>Daubert</u>. Accordingly, this Court excludes the testimony of Dr. Wilkes as it relates to causation − specifically, that the accident was the cause of Plaintiff's injuries. Accordingly, Defendant's motion to exclude the injury causation testimony of Dr. Wilkes [Doc. 42] is GRANTED.

B.  <u>Testimony of Dr. Greenston</u>

Plaintiff initially did not file her own motion to exclude the testimony of Defendant's expert, Dr. Mathew Greenston.  Rather, she argued in her response to Defendant's motion to exclude the causation testimony of Dr. Wilkes that the testimony of Dr. Greenston should also be excluded under Rule 702 and <u>Daubert</u>. Under Local Rule 26.2(C), "any party objecting to an expert's testimony based upon

Daubert … shall file a motion[.]"  Every motion "must be accompanied by a memorandum of law which cites supporting authority." Local Rule 7.1(A)(1). Plaintiff's initial request that the Court exclude Dr. Greenston's testimony failed to meet the requirements set forth in the Local Rules.  Plaintiff initially filed no motion or accompanying memorandum with the clerk, but merely argued the inadmissibility of Dr. Greenston's testimony in her response to Defendant's motion without referencing any supporting legal authority or analyzing Dr. Greenston's testimony under Rule 702 or the Daubert factors. (*See* Doc. 47, at pp. 6-7, 22-24).

However, Plaintiff subsequently filed a belated Motion in Limine (Doc. 55), again based upon Rule 702 and Daubert, specifically arguing that Dr. Greenston is not qualified to render opinions as an expert on biomechanics and/or accident reconstruction.  Local Rule 26.2(C) requires that a party objecting to an expert under Daubert "file a motion no later than the date that the proposed pretrial order is submitted."  Otherwise, that party is deemed to have waived any Daubert objections absent authorization by the court "based upon a showing that the failure to comply was justified." Id.  In this case, the proposed pretrial order was submitted on January 22, 2019, and the pretrial order was issued by the Court on February 21, 2019 (Doc. 53).  Plaintiff's Motion in Limine, however, was not submitted until March 7, 2019 — approximately two weeks after the deadline prescribed by Local Rule 26.2(C).

Furthermore, Plaintiff has not provided any justification for her late filing.  Based on these facts alone, the Court could decline to consider her arguments.

Nevertheless, the Court finds that Plaintiff's Motion in Limine regarding the testimony of Dr. Greenston fails on the merits.  Although Plaintiff argues that Dr. Greenston lacked the education and experience necessary to render biomechanical and/or accident reconstruction opinions, Dr. Greenston's deposition testimony and curriculum vitae reflects that he has a bachelor's degree in mechanical engineering and a master's degree in bioengineering.  Furthermore, Dr. Greenston has completed additional training and courses on traffic accident reconstruction, and he currently works as a licensed medical doctor (emergency room physician) and as a consultant for Biodynamic Research Corporation. (*See* Doc. 63-4, at pp. 7, 9-21; *see also* Doc. 63-5). The Court finds that Dr. Greenston is qualified to testify as an expert in the field of biomechanics and accident reconstruction.  Accordingly, Plaintiff's motion in limine to exclude Dr. Greenston's biomechanical and/or accident reconstruction testimony [Doc. 55] is DENIED.

C.  Defendant's Motion in Limine (Omnibus)

Defendant seeks to exclude any evidence, argument, and attempts to illicit or make reference to the following subject matter during voir dire and the course of trial in the presence of the jury. With respect to each item listed in the motion (Doc. 56), the Court rules as follows.

1.  Defendant's motion to exclude all evidence of settlement discussions or offers of compromise between the parties is GRANTED. *See* Fed. R. Civ. P. 408; Ostrow v. GlobeCast America, Inc., 825 F.Supp.2d 1267, 1270-71 (S.D. Fla. 2011).

2.  As there is no issue as to ownership or control of the vehicles involved in this case, Defendant's motion to exclude all testimony concerning the existence of insurance coverage is GRANTED. *See* Fed. R. Civ. P. 411.

3.  Defendant's motion to exclude any evidence of her financial status or family wealth is GRANTED.

4.  Defendant's motion to exclude any reference to the possibility that Plaintiff may have to pay attorney fees in this case is GRANTED. *See* Fed. R. Civ. P. 402, 403.

5.  Defendant's motion to exclude any reference to discovery disputes between the parties in this case is GRANTED. *See* Fed. R. Civ. P. 402.

6.  Defendant's motion to require Plaintiff to make any demand or request for items or evidence in Defendant's possession to be made outside the presence of the jury is GRANTED.

7.  Defendant's motion to prohibit opposing counsel from offering a personal opinion as to the valuation of this case based on comparisons with settlements or verdicts in other cases is GRANTED.

8.  Defendant's motion to prohibit Plaintiff or any lay witnesses from offering medical opinions is GRANTED.  However, Plaintiff may offer testimony as to the details of the automobile accident and the onset of her pain.  Plaintiff may also testify as to Dr. Wilkes' diagnosis of her injury, provided that her treating physician testifies as to his diagnosis.

9.  Defendant's motion to prohibit counsel from asking questions of witnesses that call for legal conclusions is GRANTED.  *See* R.W. v. Board of Regents of the Univ. of Ga., 114 F.Supp.3d 1260, 1274-75 (N.D. Ga. 2015).

10.  Defendant's motion to exclude unsupported opinion testimony concerning injury causation is GRANTED.  *See* Fed. R. Civ. P. 702.

11.  Defendant's motion to prohibit any argument, reference, or suggestion to the jury that they should put themselves in Plaintiff's position is GRANTED.

12.  Defendant's motion to exclude any evidence of bills for medical treatment unless the necessity and reasonableness of the medical treatment and bills are supported by the testimony of a competent medical expert is DENIED.

D.  Plaintiff's First Motion in Limine (Omnibus)

Plaintiff seeks to exclude any evidence, argument, and attempts to illicit or make reference to the following subject matter during voir dire and the course of trial in the presence of the jury. With respect to each item listed in the motion (Doc. 57), the Court rules as follows.

1.  Plaintiff's motion to exclude any testimony concerning whether Plaintiff had previously been involved in other litigation is GRANTED in part and DENIED in part.  As Plaintiff has put her medical condition at issue, evidence of litigation in which Plaintiff had asserted claims for physical injuries shall be admissible to the extent that it would show a preexisting injury to any part of her body that Plaintiff claims was injured in the instant case.  Testimony concerning all other prior litigation is excluded from the evidence. *See* Fed. R. Civ. P. 401, 402, 403.

2.  Plaintiff's motion to exclude any evidence that she has been involved in other vehicle collisions or has suffered other physical injuries is DENIED.  As Plaintiff has put her medical condition at issue, evidence of other accidents or injuries shall be admissible to the extent that it would show a preexisting injury to any part of her body that Plaintiff claims was injured in the instant case. *See* Fed. R. Civ. P. 401.

3.  Plaintiff's motion to exclude any evidence of her personal habits which may reflect on her character is GRANTED. *See* Fed. R. Civ. P. 402, 403, and 404(a).

4.  Plaintiff's motion to exclude any evidence of the timing or circumstances of Plaintiff's hiring of counsel is GRANTED.  See Fed. R. Civ. P. 401, 402.

5.  Plaintiff's motion to exclude any opinion testimony relating to injury causation unless such opinion testimony is offered by a qualified medical expert and

such causation opinion is supported by the requisite "reasonable degree of medical certainty" is GRANTED.

6.  Plaintiff's motion to prohibit Defendant from offering an apology or stating that she is "sorry" for the automobile accident is GRANTED.

7.  In regard to Plaintiff's motion to exclude any evidence that has not been produced in discovery, the Court shall address any issue raised by counsel during the trial, outside the presence of the jury.

8.  Plaintiff's motion to exclude any evidence of the payment of medical bills or other injury related expenses using funds received from collateral sources is GRANTED. *See* Candler Hospital, Inc. v. Dent, 228 Ga. App. 421, 421-22 (1997).

9.  Plaintiff's motion to exclude any recorded statements or interviews of Plaintiff in which Plaintiff made any settlement demands or offers of compromise is GRANTED.

10.  Plaintiff's motion to prohibit counsel from making comments to the jury about any objections, excluded evidence, or efforts to seek the exclusion of evidence is GRANTED.

## III.   CONCLUSION

Based on the foregoing, it is **ORDERED** as follows:

- Defendant's Motion to Exclude the injury causation testimony of Dr. Joseph Wilkes, M.D. [Doc. 42] is **GRANTED**;

- Plaintiff's First Motion in Limine Regarding the Testimony of Joseph Wilkes, M.D. and Mathew Greenston, M.D. [Doc. 55] is **DENIED**;

- Defendant's Motion in Limine (Omnibus) [Doc. 56] is **GRANTED**; and

- Plaintiff's First Motion in Limine (Omnibus) [Doc. 57] is **GRANTED in part** and **DENIED in part**.

**IT IS SO ORDERED**, this 4th day of June, 2019.

_____
WILLIAM M. RAY, II
United States District Judge
Northern District of Georgia